IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KINYATA GLASS,**

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF
TRANSPORTATION,**

**Defendant.**                                          No. 05-CV–310-DRH

## ORDER

**HERNDON, District Judge:**

On April 27, 2005, Kinyata Glass filed suit against her employer, the Illinois Department of Transportation ("IDOT"), pursuant to Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e et seq.** (Doc. 1).  Specifically, Glass alleges that IDOT discriminated her on the basis of sex, race, and religion and created a hostile work environment for her.  On July 29, 2005, IDOT moved to dismiss the allegations regarding the hostile work environment, race and sex discrimination as those claims are not reasonable related to the claims in her EEOC Charge (Doc. 9). IDOT argues that the charge of discrimination only alleges that she was denied a promotion because of her religious beliefs.  As of this date, Glass has not responded to the motion to dismiss.  Pursuant to **LOCAL RULE 7.1(c)**, the Court considers this

failure to respond an admission of the merits of the motion.[1]  Thus, the Court **GRANTS** IDOT's motion to dismiss (Doc. 9).  The Court **DISMISSES with prejudice** the hostile work environment, race and sex discrimination claims contained in Glass' complaint.

    **IT IS SO ORDERED.**

    Signed this 6th day of September, 2005.


                                            /s/   David RHerndon
                                            **United States District Judge**

---

[1] "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief.  Failure to timely file an answering brief to the motion may, in the court's discretion, be considered an admission of the merits of the motion."