IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KINYATA GLASS,**

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF TRANSPORTATION,**

**Defendant.**                                                                 No. 05-CV–310-DRH

### ORDER

**HERNDON, District Judge:**

On April 27, 2005, Kinyata Glass filed suit against her employer, the Illinois Department of Transportation ("IDOT"), pursuant to Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e et seq.** (Doc. 1). Specifically, Glass alleges that IDOT discriminated her on the basis of sex, race, and religion and created a hostile work environment for her. On September 6, 2005, the Court dismissed with prejudice Glass' hostile work environment, race and sex discrimination claims as these claims were beyond the scope of her EEOC charge.

Now before the Court is IDOT's June 23, 2006 motion and memorandum of law to strike portions of Plaintiff's brief in response to Defendant's motion for summary judgment (Doc. 39). As of this date, Glass has not responded

to the motion to strike.  Pursuant to **LOCAL RULE 7.1(g)**, the Court considers this failure to respond an admission of the merits of the motion.[1]  Thus, the Court **GRANTS** IDOT's motion to strike (Doc. 39).  The Court **STRIKES** her claims that IDOT failed to reasonably accommodate her religious beliefs and that IDOT's safety policy had a disparate impact on Pentecostal women contained in her response in opposition to summary judgment.

    **IT IS SO ORDERED.**

    Signed this 19th day of January, 2007.


                        /s/       David  RHerndon
                        **United States District Judge**

---

[1] "A party opposing such motion shall have **ten (10) days** after service of the motion to file a written response.  Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."